## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

J. KOII UNAUNA, ADMINISTRATOR OF THE ESTATE OF W. H. KAAUWAI, DECEASED, *vs.* GOODALE ARMSTRONG.

APPEALS perfected after the opening of the term may be heard at the same term.

Two Justices may constitutionally sit as the full Court in Banco.

The sale of an intestate's real property under an order of Court licensing him "to sell all the right title and interest of the deceased in the Ili of land known as P." is not vitiated because the advertising posters recited that such right title and interest were to be sold, with a further particular description of the parcels to be sold, nor by the statement of the auctioneer at the sale that a certain parcel thereof was then under lease, nor by the fact that the administrator sold a portion only of the estate which he was licensed to sell.

Administrators' and executors' sales under order of Court are judicial sales subject to confirmation, and the statute of frauds, requiring a memorandum in writing does not apply to them.

OPINION BY JUDD, J.

The first point made by the respondent appellant was, that as this appeal was not perfected until after the opening of this term, it could not be required under the rules to be heard at this term. The Court held that appeals (under Rule 4) perfected after the opening of the term, would be heard at the same term, provided there remained sufficient time, and no good cause was shown why the appeal should go over. This case not being within the exceptions, the appeal was heard.

The next point was, that "this appeal is to the full Court

89

in Banco," under Section 859 of the Civil Code, which by Section 827 consists of three Justices.

The Court held that the decision made some years ago by the bench consisting of three Justices, to the effect that a judgment of two Justices was constitutional, was binding upon the Court in Banco as at present constituted.

The third point made is, that the bill avers that the plaintiff offered for sale the "Ili of Papohaku" by acres, and the respondent became the purchaser of the said ili, containing 23 45-100 acres, whereas the proofs show that the plaintiff was licensed by the Probate Court to sell "all the right, title and interest of the said W. H. Kaauwai, deceased, in and to the ili of land known as Papohaku," etc., and that the plaintiff offered the "land in Papohaku, leased to G. Armstrong," etc., and it is urged that the plaintiff sold what the Court did not authorize him to sell, and the whole sale is therefore void.

It is in evidence that a poster was put up at the place of sale, reciting that the plaintiff as administrator of W. H. Kaauwai deceased, was licensed to sell the right, title and interest of the said W. H. Kaauwai deceased, in and to the Ili of land known as Papohaku, situated at Wailuku, Maui, to wit: "Four parcels of land. 1st—2 chains and 4 fathoms square; 2d—1 acre and 1 square chain; 3d—1½ acres; 4th—14 acres, 8 chains and 100 fathoms square." These printed conditions of sale, (being thus posted at the place of sale, and therefore brought to the knowledge of the vendee,) form a part of the terms of the contract and are binding upon the parties. Story on sales, Section 463.

The repondent cannot say that the estate offered was not offered as "the right, title and interest of Kaauwai in and to the land known as the Ili of Papohaku," for it was distinctly so described in the poster which brought him to the place of sale at the time. But parole testimony was adduced apparently without objection, to vary or restrict the description of the estate offered, by showing that the plaintiff, who also

acted as auctioneer, stated that the land offered for sale "was leased to G. Armstrong."

It would seem as if this statement by the auctioneer was supplemental to the description on the poster in order to give greater certainty, or with the object of warning the purchaser of the incumbrance and that he could not obtain immediate possession of the land, although the sale of the right, title and interest of Kaauwai in the land would convey to the purchaser only Kaauwai's interest as lessor.

The general doctrine is sound, that the printed conditions of sale cannot be varied or contradicted by parole evidence of verbal statements made by the auctioneer at the time of sale, except for the purposes of proving fraud. (See Story on contracts; Section 463 and cases cited.) This statement, however, does not contradict the poster, and as it may have had the effect of making bidders believe that a less quantity of land was put up than the administrator was licensed to sell, we must treat the statement as made in that way, and we conclude that the administrator offered the interest and estate of W. H. Kaauwai in that part of the land known as the Ili of Papohaku which was under lease to G. Armstrong.

The administrator had a right to offer less land than his license covered, for it was necessary to sell only so much as was sufficient to pay the deceased intestate's debts.

It is in evidence that Apana 5 of the Royal Patent, No. 5537, being Apana 4 of the poster, was under lease to Armstrong, and of this, at least, the respondent, according to all the testimony, became the purchaser. The sale of this piece to him is not void on the ground of its being in amount less than the total amount of land authorized to be sold by the license of the Probate Court.

The objection of respondent remains, that as auction sales are within the statute of frauds, no memorandum of the sale in writing was signed as required by that statute.

The testimony of H. W. Daniels and J. K. Kaili is conclu-

sive on that point—to wit: that the clerk of the administrator auctioneer, one J. K. Kaili, wrote at the time of the sale the description of the land sold, the amount of acres and the price bid per acre, the total amount and the name of the purchaser, and that it was signed by the auctioneer. It is true that the original memorandum is not produced, but both these witnesses testify as to its contents, and the clerk testifies that the memorandum filed in the return of the administrator, is an exact copy of the original made by him a few days after the sale. But if the requirements of the statute of frauds had not been complied with, in sales of this nature being judicial sales and being subject to confirmation, such memoranda are not necessary to their validity. It is true that in the case of Smith *vs.* Arnold, 5 Mason 420, Story, J. says that an administrator's sale is not a judicial sale, because "the Court when it has once authorized the administrator to sell is *functus officio* and the proceedings of the administrator never came before the Court for examination or confirmation."

But by our statutes and practice, sales by administrators have all the characteristics of judicial sales as indicated in the decision above cited. They are subject to confirmation by the Court which grants the license.

In the case at bar the sale was distinctly stated both by the poster and by the auctioneer verbally to be "subject to the approval of the Court at the Court House, Honolulu." It is true that at the time of confirmation in this case, the purchaser was not present. But he could have filed his objections and made himself a party if he chose. However desirable it may be to notify purchasers of the time of the hearing for confirmation of such sales, there is no statute requiring it, nor does it appear to have been the practice.

The defendant had notice at the moment of his being declared purchaser, that it would be reported to the Court for confirmation, and knew that if there were any reasons

why he should not take the property which he bid for, he weuld be heard effectually.

But the failure to notify the purchaser to be present does not take away from these sales their judicial character, which "from the beginning to the end are under the guidance and direction of the Court," and are not therefore "within the mischiefs supposed by the statute of frauds."

The decree of the Vice Chancellor is affirmed, with costs.

E. Preston for defendant.

A. S. Hartwell for respondent.

Honolulu, May 9th, 1876.